## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARY FORE LEE,

    Plaintiff,

          v.

OFFICE OF AGING/ADULT PROTECTIVE
SERVICES, *et al.*,

    Defendants.

Civil Action No.
1:23-cv-04090-SDG

## OPINION AND ORDER

This matter comes before the Court for a frivolity review of the Complaint, as well as rulings on various motions by Plaintiff. For the following reasons, the Court concludes that this action must be dismissed, and Plaintiff's motions denied.

### I.    Background

Pro se Plaintiff Mary Fore Lee initiated this case on September 12, 2023,[1] and was granted leave to proceed *in forma pauperis*—that is, without the prepayment of court fees and costs.[2] The Complaint names as Defendants the Office of Aging/Adult Protective Services; Bill Westerberger (the Kennesaw, Georgia Chief of Police); Georgia Attorney General Chris Carr; and John Does "1–1000+."[3] Lee alleges that government officials "used excessive force [against her] through

---

[1]    ECF 1.

[2]    ECF 2.

[3]    ECF 3, at 1.

weaponized drones" and that she was singled out for vindictive treatment.[4]

Westerberger and various John Does allegedly used illegal force and seized Lee by

having the drones spray chemicals, toxins, and bacteria on her and into her home.[5]

Lee asserts that these attacks have occurred from 2015 to the present[6] and are the

result of her past exercise of her "fundamental right to access to the Courts and

protections of person, home from unsafe and unhealthy hazardous chemicals and

materials for individual use."[7] Lee further alleges that she reported elder abuse to

Attorney General Carr and Adult Protective Services (among others) but that they

"deviated from normal procedural sequence."[8] While it is not entirely clear from

the pleading, the reported abuse seems to have been the alleged drone attacks.

Lee asserts 42 U.S.C. § 1983 claims against Westerberger and the Doe

Defendants for unreasonable seizure and for violations of due process and equal

protection because their conduct was "vindictive treatment motivated by ill will."[9]

She also brings state-law claims for stalking, abuse, terroristic acts, torture, and

---

[4]  *Id.* ¶¶ 1–2.

[5]  *See, e.g., id.* ¶¶ 7–8, 15, 32, 34, 50, 59.

[6]  *Id.* ¶ 22.

[7]  *Id.* ¶ 11.

[8]  *Id.* ¶ 13.

[9]  *Id.,* Counts 1–3.

false imprisonment against these Defendants.[10] She did not assert causes of action against Carr or Adult Protective Services despite having named them as Defendants. Lee also moved for a temporary restraining order,[11] recusal,[12] a protective order,[13] and the appointment of counsel.[14]

This is not the first time Lee has initiated suit against government officials because of these alleged drone attacks—she brought a similar case in 2019.[15] The Court dismissed with prejudice the claims against the defendant police departments but gave Lee leave to amend as to an appropriate governmental entity.[16] Lee elected not to do so, abandoning such claims.[17] Ultimately, the Court entered judgment in favor of all the defendants.[18] Lee did not appeal.

## II.    Discussion

Because Lee's recusal motion implicates whether this Court should review her claims, it is addressed first. The Court then turns to its frivolity review.

---

[10]  *Id.*, Count 4.

[11]  ECF 4.

[12]  ECF 6.

[13]  ECF 9.

[14]  *Id.*

[15]  *See generally Lee v. State Farm Fire & Casualty Co.*, Case No. 1:19-cv-04353-SDG (N.D. Ga.) (the State Farm Action), ECFs 6 & 12.

[16]  *Id.*, ECF 67, at 17–18, 30–31.

[17]  *Id.*, ECF 69 (amended complaint naming only State Farm as Defendant).

[18]  *Id.*, ECFs 107, 108.

A.      **Recusal**

A district court is generally required to rule on a recusal motion before addressing merits arguments; if recusal is warranted, the court should not rule on the merits at all. *Daker v. Warren*, No. 20-12296, 2023 WL 4560224, at *3 (11th Cir. July 17, 2023) (citations omitted). Lee asserts that undersigned acted with bias or prejudice toward her and was not dignified or courteous. She also contends that undersigned deliberately delayed acting in her case because of improper motives.[19] Lee attributes the Court's purported conduct to her "race, socioeconomic status, and being a female."[20] She further argues that the Court failed to treat the statements in her complaint as true because it characterized them as allegations, claims, or contentions.[21] Presumably, Lee's motion is based on the Court's rulings against her in the State Farm Action. But Lee has failed to provide any factual basis for her claims of bias.

Two federal statutes are relevant to requests for recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455. The Court addresses each in turn.

---

[19]    *See generally* ECF 6. This recusal motion appears identical in all material respects to a recusal motion Lee filed in the State Farm Action. State Farm Action, ECF 116-1, at 1–5.

[20]    ECF 6, at 4.

[21]    *Id.* at 3.

B.      Section 144

"To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Lee's motion asserts that the Court was "belittling toward [her]" and "expressed low expectation of [her] capabilities,"[22] but does not provide any example of such conduct by undersigned. Nor has she identified any bias because of her race, economic status, or gender. The characterization of statements in her pleading as "allegations" cannot reasonably be construed as exhibiting bias, since that is precisely what a pleading is supposed to do—make allegations. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (noting that a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level"). No reasonable person would construe the Court's prior rulings against Lee as providing a basis for recusal.[23] "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

---

[22]   *Id.* at 3.

[23]   Section 144 also requires submission of a sworn statement (which Lee supplied) and a good-faith certificate of counsel (which she did not). 28 U.S.C. § 144. Because recusal is not appropriate in any event, the Court does not address whether a pro se party must supply a certificate from counsel when seeking recusal under this provision.

C.      Section 455

The analysis applicable under § 455 is largely the same as that for § 144.[24] A judge must only recuse under § 455 when "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo*, 223 F.3d at 1333. As noted above, Lee has not identified any facts that would cause an objective observer to question the Court's impartiality. 28 U.S.C. § 455(a); *United States v. Alabama*, 828 F.2d 1532, 1541 (11th Cir. 1987) ("[D]isqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.").

Lee has not shown that recusal is appropriate under § 144 or § 455, so her motion for recusal is **DENIED**.

III.   **Frivolity Review**

An *in forma pauperis* complaint must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

---

[24]  One notable difference is that 28 U.S.C. § 455 does not require a certificate of counsel. *Shellie Youhoing v. Travelers Ins. Co.*, No. 1:09-CV-1785-CAP, 2009 WL 10669453, at *1 (N.D. Ga. Nov. 10, 2009). However, while "§ 455 liberalized greatly the scope of disqualification in federal courts, and relieves litigants of the strict procedural predicates mandated by § 144, it does not invite recusal whenever it is requested by a party." *Everson v. Liberty Mut. Assurance Co.*, Civ. A. No. 1:05-cv-2459-RWS, 2008 WL 1766956, at *3 (N.D. Ga. Apr. 14, 2008) (citations omitted).

is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although Lee is appearing *pro se* and the Court must hold the complaint "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted), on frivolity review, the Court may "pierce the veil of the complaint's factual allegations" and need not accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss as frivolous claims predicated on baseless factual allegations, including allegations "describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327–28. The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## IV.    Discussion

Lee's claims are based on alleged chemical and biological attacks against her by Chief of Police Westerberger and various governmental and private John Does. She claims that she was

> unlawfully seized in her home and car; deprived of her liberty by chemical [re]straint and surveillance which prohibited her privacy and tortured her with lasers piercing her skin and the tiny drones shooting chemicals into her hair, face and eyes.[25]

While the Court harbors no doubt that Lee sincerely believes the allegations in her Complaint and empathizes with her apparent suffering, nothing about her bare and unsupported claims is plausible. There are no specific dates for when the attacks occurred, descriptions of how they occurred, identifying details about the drones themselves or the people flying them, proof of her alleged physical injuries, explanations of how the drones entered her home or were otherwise able to attack her, clear pictures of the drones and their weapons, or any objective indicia lending credence to Lee's extraordinary claims.

In fact, Lee's allegations are of the fantastical and unbelievable sort that the Supreme Court and the Eleventh Circuit have held may be dismissed *sua sponte* on a frivolity review. A finding of factual frivolousness "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not

---

[25]    ECF 3, ¶ 59.

there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; *see also, e.g.*, *Thomas v. Leon Cnty. Fire Dep't*, No. 21-13042, 2023 WL 1815509, at *3 (11th Cir. Feb. 8, 2023) (finding no abuse of discretion in the district court's dismissal of a complaint as "delusional and removed from reality" when the pleading was based on claims about "nano devices" and "harassment from radiation, poisoning, and electrical beams"); *Atraqchi v. United States*, No. 21-11526, 2021 WL 4806405 (11th Cir. Oct. 15, 2021) (per curiam) (upholding dismissal as frivolous for an action naming "hundreds" of defendants, including various former presidents and first ladies, and the First United Methodist Church, and accusing them of being part of a "Death Cult" to impose "religious inquisition" on the plaintiffs); *Bacon v. Pittman*, No. 20-141590-F, 2021 WL 2232614 (11th Cir. May 14, 2021) (per curiam) (upholding dismissal as frivolous for an action based on the "wildly implausible" allegations that various correctional officials, members of the FBI, and a federal judge engaged in "voodoo" hazing of the plaintiff, including poisoning him using ammonia-filled needles); *Williams, Scott & Assocs. LLC v. Yates*, 842 F. App'x 539, 540 (11th Cir. 2021) (citing *Denton*, 504 U.S. at 32–33) (upholding dismissal of a complaint as frivolous where the plaintiff's "naked assertions of a conspiracy involving more than a dozen federal agents, judges, and lawyers, without any sufficient supporting factual allegations to allege a plausible

claim," was the type of "fanciful complaint the frivolity screening seeks to reject"). That is what the Court is now faced with—for the second time.

In her previous suit, the Court provided Lee the opportunity to supply the necessary details and defendants that might make her extraordinary allegations plausible. Instead of doing so, Lee declined to amend her pleading, waited three years, then filed a second suit that repeats many of the same underlying allegations but still omits the necessary factual support. That history also appropriately informs the Court's decision here. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (citing *Clark v. Ga. Pardons & Paroles Bd.,* 915 F.2d 636, 641 (11th Cir. 1990); *Harris v. Menendez,* 817 F.2d 737, 741 (11th Cir. 1987)) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered.").

The Court therefore concludes that Lee's Complaint is frivolous under 28 U.S.C. § 1915(e). That determination renders her requests for injunctive relief and the appointment of counsel moot.

## V.    Conclusion

Lee's motion for recusal [ECF 6] is **DENIED**. Because her Complaint [ECF 3] is frivolous, as would be any amendment, this action is **DISMISSED with prejudice**. Lee's motions for a temporary restraining order [ECF 4], and for a protective order and the appointment of counsel [ECF 9] are **DENIED as moot**.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg
United States District Judge